UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.: 1:07-CR-77-TS |
| | ) | |
| JERMAINE ANDRE NORRIS | ) | |

**ORDER AND OPINION**

This matter comes before the Court on the Defendant's Motion for Order to Allow Defendant to Have a Marriage Ceremony Performed at Allen County Jail [DE 12], filed on October 3, 2007. The government filed its objection to the motion on October 9, 2007 [DE 13], and the Defendant filed a reply to the government's objection on November 14, 2007 [DE 19]. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

The Defendant's motion represents to the Court that the Defendant is incarcerated at the Allen County Jail as a result of the criminal charges pending in this case, that he is engaged to be married to Trecie R. Morgan, and that the Allen County Jail has a policy of disallowing marriage ceremonies unless a court orders otherwise. The Defendant therefore requests that this Court order the Allen County Jail to allow a marriage ceremony to be performed at the jail for the Defendant and Ms. Morgan.

The government objects to the motion "because the creation of the marital relationship results in the possible application of certain privileges which may hinder the prosecution of this case." (DE 13 at 2.) Specifically, the government is concerned with the potential application of the adverse spousal testimonial privilege and the marital communications privilege because Ms.

Morgan is a potential witness in this case. The government does not object to the marriage taking place at some point in time, just not before this case is resolved.

The Defendant responds to the government's objection by acknowledging that the evidentiary privileges will apply if the Defendant and Ms. Morgan are permitted to marry, but also insisting that the marriage ceremony should be permitted anyway. The Defendant points out that "if Norris were not incarcerated, he and Trecie R. Morgan could be married and there would be nothing the Government could do to prevent this from happening." (DE 19 at 2.) The Defendant then reasons that denying the request for an order to permit the marriage ceremony would "be to allow the Government to use the Court to frustrate and prevent Norris and Morgan from entering into what has legally and socially been an institution encouraged and protected by the Government and by society in general." (*Id.*)

While both parties acknowledge that the Allen County Jail has a policy whereby they do not allow marriage ceremonies at the jail absent a court order, neither party has presented the Court with any evidence or explanation as to the history of the policy or its purpose.

**ANALYSIS**

"Pre-trial detainees have at least those rights enjoyed by convicted inmates." *Russell v. Richards*, 384 F.3d 444, 447 n.1 (7th Cir. 2004) (citing *Riggins v. Nev.*, 504 U.S. 127, 135 (1992)); *see also Bell v. Wolfish*, 441 U.S. 520, 545 (1979) ("[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners."). The analysis of pretrial detainee rights and the rights of convicted inmates differs in that "the constitutional rights of a pretrial detainee are derived from

the Due Process Clause of the Fourteenth Amendment and are distinguishable from an inmate's right not to be subjected to cruel and unusual punishment under the Eight Amendment." *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (citing *Bell*, 441 U.S. at 535 n.16). To assess the constitutionality of the conditions or restrictions of pretrial detention, a court must determine whether the conditions amount to punishment. *Id.* "[C]onditions of confinement which 'are reasonably related to legitimate and non-punitive government goal[s],' are not unconstitutional[.]" *Id.* (citing *Antonelli v. Sheahan*, 81 F.2d 1422, 1427 (7th Cir. 1996). A court must be particularly deferential to policies and practices aimed at maintaining the safety and security of jails and penitentiaries. *Id.* (citing *United States v. Tokash*, 282 F.3d 962, 970 (7th Cir. 2001).

Marriage is of course an important fundamental right. *See Loving v. Virginia*, 388 U.S. 1, 12 (1967) ("Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival."). That right is enjoyed by both pretrial detainees and convicted inmates. *Turner v. Safley*, 482 U.S. 78, 96 (1987) (concluding that there is "a constitutionally protected marital relationship in the prison context"). In *Turner v. Safley*, the Supreme Court examined a regulation which prohibited inmates from marrying other inmates or civilians unless the prison superintendent determined that there were compelling reasons for the marriage. *Turner*, 482 U.S. at 82. The *Turner* Court established the standard for determining the constitutionality of such regulations. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89.

The petitioners in *Turner* claimed that the regulation was necessitated by both security and rehabilitation considerations. The petitioners were first concerned about the formation of

3

"love triangles" that could lead to violence among inmates. *Id.* at 97. The petitioners next were concerned with previously abused female inmates whose unhealthy dependence on male figures might interfere with their rehabilitation. The Court found that the regulation was "not reasonably related to these penological interests." *Id.* at 97. Although it did not determine whether this was of constitutional significance, the Court also noted in dicta that a marriage restriction which applied to the marriage of an inmate to a civilian may entail a "consequential restriction on the constitutional rights of those who are not prisoners." *Id.* (quoting *Procunier v. Martinez*, 416 U.S. 396, 409 (1974)).

This legal framework for analyzing the constitutionality of marriage restrictions for pretrial detainees and convicted inmates is of course most applicable in the civil context, particularly in 42 U.S.C. § 1983 cases, which is how the issue is typically presented. *See, e.g.*, *Toms v. Taft*, 338 F.3d 519, 525 (6th Cir. 2003) ("We hold that refusal to aid a prisoner in exercising his right to marry, where such refusal completely frustrates the right, can amount to a 'prison regulation' under *Turner*. Therefore, such refusals must be reasonably related to legitimate penological interests."); *Lambert v. Meyers*, No. 99 C 50076, 2004 WL 1452423 (N.D. Ill. June 28, 2004) (former pretrial detainee brought § 1983 case against sheriff, among others, because detainee was required to arrange a marriage through a local court). The instant case comes before the Court in a somewhat odd procedural posture. The Defendant is not challenging the Allen County Jail's policy. Indeed, he is attempting to comply with it. The government is not defending the policy, it is merely asking the Court to, in its discretion, deny the Defendant's request for a court order allowing him to get married. The jail itself is not a party. Nonetheless, the legal framework for determining the constitutionality of marriage

4

restrictions for detainees and inmates seems helpful here.

Based on the parties' representations, the only way for the Defendant to get married at this time is through an order of this Court. Absent such action, the Defendant's marriage rights are suspended while he is detained awaiting trial. If it is unconstitutional for the jail to prohibit the Defendant from getting married for any reason not reasonably related to legitimate penological interests, then it seems that the Court cannot prevent the Defendant from getting married unless the Court has some reason for doing so that is reasonably related to legitimate penological interests.

The Court is "particularly conscious of the 'measure of judicial deference owed to corrections officials[,]'" *Turner*, 482 U.S. at 90, but the Allen County Jail does not seem to have a dog in this fight. It appears the jail is not concerned one way or another whether the Defendant gets married.[1] The jail simply will not permit a marriage ceremony without this Court's approval. The government's objection presents an understandable concern. The government is worried that the marriage may shield a key witness from having to testify. While the Court appreciates this concern, the concern is not related to a legitimate penological interest.

The marriage ceremony may very well make the government's case more difficult to prove. But as the Defendant notes, the same would be true if the Defendant were charged with a

---

[1] In fact, the jail seems well equipped for such a ceremony. According to the jail rules posted online by the Allen County Sheriff:

> The Allen County Jail Chaplaincy Board has renovated a portion of the Jail to be used as a chapel for religious services. Two services are held two nights a week. Due to the high population, inmate church services rotate through a two-week schedule according to block assignment. Pastoral visits for inmates are scheduled upon request.

Allen County Sheriff's Department, Allen County Jail General Information, Jail Rules, http://www.allencountysheriff.org/confinement/jailrules.html (last visited Nov. 29, 2007).

5

crime but not detained while awaiting trial. Just as the government could not interfere with the marriage in those circumstances, the government cannot interfere with the marriage in the actual circumstances of this case.

It is also not enough for the government to assert that it is merely attempting to affect the timing of the marriage ceremony rather than occurrence of the ceremony. Forcing the Defendant to delay the marriage burdens the right to marriage. His fundamental right to marriage may be burdened since he is a pretrial detainee, but only if the burden is related to a legitimate penological interest. The government has not presented, and the Court is not aware of, any reason to delay the marriage that is related to the safe, secure, and efficient management of the jail.

The Defendant has carried his burden of demonstrating that the denial of the motion would likely violate his fundamental right to marriage. The burden shifts to the government to provide some reason related to a legitimate penological interest for why the Court should deny the motion. The government's concern that the Defendant's request will result in a key witness invoking the adverse spousal testimonial privilege is not enough. Accordingly, the Court must grant the motion.

**ORDER**

For the foregoing reasons, the Defendant's motion [DE 19] is GRANTED. The Court ORDERS that the United States Marshal's Service, the Clerk of the Allen Circuit Court, and the Allen County Jail cooperate in effectuating the Defendant's request for a marriage ceremony to be held at the Allen County Jail between the Defendant and Trecie R. Morgan.

SO ORDERED on December 7, 2007.

                <u> s/ Theresa L. Springmann            </u>
                THERESA L. SPRINGMANN
                UNITED STATES DISTRICT COURT