# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:07-CR-77-TLS |
| | ) | |
| JERMAINE ANDRE NORRIS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Reconsideration [ECF No. 51] filed on October 19, 2010. On October 26, the Government filed a Response.

On December 15, 2008, the Court imposed the following sentences on the Defendant: a sentence of 110 months on Count 1 (possession of cocaine base (commonly known as "crack cocaine") with intent to distribute in violation of 21 U.S.C. § 841(a)(1)), and a consecutive sentence of 60 months on Count 2 (possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)). The Defendant had pleaded guilty to each of these counts.

In his Motion, the Defendant asks the Court to reconsider its August 27, 2010, Order [ECF No. 50], in which the Court struck without prejudice a Letter [ECF No. 49] submitted by the Defendant on August 19. The Defendant's Letter did not include any certificate of service or indication that the Government was served with a copy of the Letter, and it asked the Court to consider shortening the Defendant's sentence based upon a new law regarding the ratio between crack cocaine and powder cocaine. The Court noted that the Defendant had not filed a motion or invoked any legal authority or any procedural device that would permit the Court to grant the relief he requested, and the Court directed that, if the Defendant wished to renew his request, he could do so through a properly filed and served motion seeking relief available under the law.

The Defendant then filed his Motion for Reconsideration requesting that his sentence be modified. In his Motion, the Defendant suggests that his earlier Letter should be considered as a motion pursuant to 18 U.S.C. § 3582. The Defendant states that he was sentenced when federal law recognized a 100 to 1 ratio between crack cocaine and power cocaine, and he asks that he receive a reduced or modified sentence based upon an 18 to 1 ratio. He also indicates that he has completed parenting and drug education programs, that he is remorseful for the crimes he committed, that he wants to be a part of his children's lives, that he is a better person today and is in the process of becoming even better, and that he is married and has a strong family support system. Although he highlights these additional considerations, the primary thrust of his Motion is his request that the Court modify his sentence based upon the newly enacted Fair Sentencing Act.[1] From this, it appears that his request presents only a legal question and not a factual question.

In his Motion, the Defendant references § 3582 generally, but he does not identify any particular paragraph in the statute. District courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Once a district court sentences a criminal defendant, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *Id.* (citing *Carlisle v. United States*, 517 U.S. 416 (1996)); *see also* 18 U.S.C. § 3582(c) (prohibiting district courts from modifying a term of imprisonment once it has been imposed but outlining a few exceptions).

The exception in § 3582(c)(1)(A) does not apply because the Director of the Bureau of

---

[1] The Defendant's Motion does not expressly reference this legislation by name, but considering that the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 11-220, 124 Stat. 2372 (2010), was enacted on August 3, 2010, and its practical effect is to reduce the statutory crack/powder cocaine ratio from 100:1 to approximately 18:1, it appears that the Defendant's reference to the ratio change was intended to invoke the FSA.

Prisons has filed no motion. The exception in § 3582(c)(1)(B) provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The Defendant cannot move for relief under Rule 35(a), which authorizes a court to correct a sentence within fourteen days, because his request was filed well past that deadline. Additionally, the Government has filed no motion under Rule 35(b). The only statute other than § 3582 invoked by the Defendant is the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 11-220, 124 Stat. 2372 (2010), which amended the Controlled Substances Act and the Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. However, the Seventh Circuit has determined that the FSA does not apply retroactively. *United States v. Bell*, Nos. 09-3908 & 09-3914, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010) (discussing the application of the general federal savings statute, 1 U.S.C. § 109, to the FSA and concluding that "the savings statute operates to bar the retroactive application of the FSA"). Consequently, the exception in § 3582(c)(1)(B) does not apply. As to the exception in § 3582(c)(2), the Defendant has not identified (and the Court is unaware of) an existing sentencing guideline amendment (i.e., "a sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)") that would warrant relief in the Defendant's case under 18 U.S.C. § 3582(c)(2).[2] As for the Defendant's completion of programs, sense of remorse, personal improvement, and desires to

---

[2] The FSA provided emergency authority for the United States Sentencing Commission to "promulgate the guidelines, policy statements, or amendments provided for in this Act as soon as practicable, and in any event not later than 90 days after the date of enactment of this Act" and to "make such conforming amendment to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." Pub. L. No. 111-220, § 8, 124 Stat. at 2374. If the Sentencing Commission promulgates a sentencing guideline amendment that applies to the Defendant's sentence, he may be entitled to seek a modification under § 3582(c)(2), but any such basis is currently lacking.

be a part of his children's lives, these considerations are commendable, but they do not provide a lawful basis for a sentence modification.

Consequently, the Court lacks jurisdiction to modify the Defendant's sentence, and the Court DENIES the Defendant's Motion for Reconsideration [ECF No. 51].

SO ORDERED on October 27, 2010.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT